IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00705-BNB

ROSS ALLEY,

    Plaintiff,

v.

JEAN OAKLEY,
CORRECTIONAL HEALTHCARE MANAGEMENT,
JEFFERSON COUNTY SHERRIFF'S [sic] DEPT., and
UNKNOWN OFFICER,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 2 4 2007

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Ross Alley, currently is incarcerated at the Jefferson County Detention Facility in Golden, Colorado. He submitted to the Court *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 (2003) and 28 U.S.C. § 1343 (1993) for money damages and injunctive relief. Mr. Alley has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (2006).

The Court must construe the amended complaint liberally because Mr. Alley is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Alley will be ordered to file an amended complaint.

The Court has reviewed the complaint and has determined that the amended complaint is deficient because it fails to comply with the pleading requirements of Rule

8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Alley's complaint is prolix and vague. The complaint does not include a short and plain statement of Mr. Alley's claims showing that he is entitled to relief in this action. *See* Fed. R. Civ. P. 8(a)(2). The gist of Mr. Alley's complaint is simple. He alleges that the defendant Jean Oakley, a nurse at the Jefferson County Sheriff's Department, refused to give him his prescription medications from February 2 through 15, 2007, in violation of his rights under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment.

Rather than summarizing each claim succinctly, Mr. Alley makes repetitive allegations without stating, for example, the reason or reasons Ms. Oakley denied him his medications. He apparently expects the Court to piece together his claims and to speculate who is being sued for what and how his constitutional rights have been violated. That is not the Court's job. It is Mr. Alley's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither the defendants nor the Court is required to do this work for him. Mr. Alley must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.

Mr. Alley is suing an improper defendant. Mr. Alley may not sue the Jefferson County Sheriff's Department. The sheriff's department is not a separate entity from Jefferson County and, therefore, is not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). The claims asserted against the sheriff's department must be considered as asserted against Jefferson County.

In addition, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385

(1989). Mr. Alley cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

In the amended complaint he will be directed to file, Mr. Alley must assert clearly each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Mr. Alley may use fictitious names, such as "John Doe" and "Jane Doe" if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Alley uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and

that Mr. Alley should be given an opportunity to file an amended complaint. He will be directed to do so below.

Mr. Alley is advised that he must provide sufficient copies of the amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. Alley should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff Ross Alley file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Complaint," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Alley, together with a copy of this order, two copies of the Court-approved, complaint form for use in submitting the amended complaint. It is

FURTHER ORDERED that Mr. Alley submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that if Mr. Alley fails **within thirty days from the date of this order** to file an amended complaint that complies with this order to the Court's

satisfaction, the complaint and the action will be dismissed without further notice.

DATED May 24, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 07-cv-00705-BNB

Ross Alley
Prisoner No. 996949
Jefferson County Det. Facility
PO Box 16700
Golden, CO 80401

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 5/24/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk